**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| VISHAL SHAH, JONATHAN GABRIELLI, and CHRISTINE Q. WILEY, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HILTON WORLDWIDE HOLDINGS INC.,<br>Defendant. | Case No. 1:26-cv-00059-RDA-WEF |

**HILTON WORLDWIDE HOLDINGS INC.'S MOTION TO DISMISS**

Defendant Hilton Worldwide Holdings Inc. ("Hilton Worldwide") moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) of the Complaint filed by Plaintiff Vishal Shah, Jonathan Gabrielli, and Christine Q. Wiley ("Plaintiffs") alleging Hilton Worldwide and other third parties collected and shared Plaintiffs' information on www.hilton.com without Plaintiffs' consent. In support of its Motion, Defendant states as follows:

Hilton Worldwide moves to dismiss Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs agreed that the Hilton Honors Terms & Conditions ("HH Terms") and Global Privacy Statement (the "Privacy Statement"), which the District Court for the Northern District of California found apply to Plaintiffs' claims, "are to be construed under the laws of the State of New York, U.S.A., without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of any other state laws." Ex. 2 to the Declaration of Matthew C. Danaher ("Danaher Decl."), at 1. Plaintiffs' statutory and common law privacy claims predicated on California law are not recognized under New York law.

Hilton Worldwide moves to dismiss the FAC's class claims under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs agreed under the HH Terms that their claims "may not be resolved through any form of class action," and this contractual waiver is clearly enforceable. *Id.*

Hilton Worldwide moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs consented to the tracking and sharing of information at issue pursuant to the HH Terms and Privacy Statement. *Id.* at 18-19.

Hilton Worldwide moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs fail to allege they suffered an actual injury-in-fact to confer Article III standing because they do not clearly allege any of their personal information was actually collected or disclosed or that they were injured by any alleged disclosure.

Hilton Worldwide moves to dismiss the FAC's invasion of privacy and intrusion upon seclusion claims under Federal Rule of Civil Procedure 12(b)(6) because the claims fail to allege any intentional or "highly offensive" conduct.

Hilton Worldwide moves to dismiss the FAC's CIPA claims under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to allege Hilton Worldwide or any third party intended to commit an unlawful "wiretap" and Plaintiffs expressly plead themselves out of their novel "pen register" theory by alleging the cookies can generally capture "some" data elements that can be "contents" of communications.

Hilton Worldwide moves to dismiss the FAC's fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing claims under Federal Rule of Civil Procedure 12(b)(6) for failure to allege damages, the equitable claims and remedies are foreclosed because money damages are adequate, the unjust enrichment claim is duplicative of the contract claim, the breach of implied covenant claim is superfluous, and because Plaintiffs fail to plead the requisite knowledge or intent to support their fraud claim to satisfy Rule 9(b).

Hilton Worldwide moves to dismiss the FAC's trespass to chattels claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs do not allege intentional conduct or a significant interference with their devices.

Hilton Worldwide respectfully refers the Court to the accompanying Memorandum in Support, filed contemporaneously herewith, which sets forth Hilton's arguments for dismissal in full.

Respectfully Submitted,

Dated: February 20, 2026

*/s/ Benjamin Boyd*

Benjamin Boyd (VSB #28427)
**DLA PIPER LLP (US)**
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
benja.boyd@us.dlapiper.com

Isabelle Ord (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
(714) 878-9849
isabelle.ord@us.dlapiper.com

Ashley L. Barton (admitted *pro hac vice*)
Matthew C. Danaher (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92101
(619) 699-2781
Tel : (858) 677-1400
Fax : (858) 677-1401
ashley.barton@us.dlapiper.com
matt.danaher@us.dlapiper.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20 day of February, 2026 a copy of the foregoing was filed with the Court's CM/ECF system, which will send a notice of electronic filing (NEF) to all counsel of record.

*/s/Benjamin Boyd*
Benjamin Boyd